IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY ZANE SHORT | ) |
| | ) |
| v. | ) NO. 3:16-2917 |
| | ) |
| U.S. DEPARTMENT OF STATE, et al. | ) |

TO: Honorable Waverly D. Crenshaw, Jr., District Judge

**REPORT AND RECOMMENDATION**

By Order entered November 23, 2016 (Docket Entry No. 3), this civil action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is Defendants' motion (Docket Entry No. 15) to dismiss, to which Plaintiff has filed a response in opposition. *See* Docket Entry No. 22. For the reasons set out below, the Court recommends that the motion be granted.

**I. BACKGROUND**

Larry Z. Short ("Plaintiff") is a resident of Parsons, Tennessee. On November 16, 2016, he filed this lawsuit *pro se* and *in forma pauperis* against the United States Department of State ("State Department"), the United States Department of the Treasury ("Treasury Department"), and the United States Department of Health & Human Services ("HHS"). Plaintiff asserts that in 2014, he had to borrow funds from the United States Embassy in China in order to purchase an airline ticket to return to the United States. *See* Complaint (Docket Entry No. 1) at 2. He asserts that he repaid this loan, plus interest, on November 27, 2015, but that he has been unable to renew his passport because some type of hold has been placed on his passport application because of a debt to HHS. Plaintiff seeks: 1) an order directing that HHS release the hold on his passport; 2) damages for the loss of a year's wages because he was unable to travel to and work in China due to the hold on his passport; and 3) punitive damages. *Id*. at 3.

Pursuant to an initial screening of the complaint under 28 U.S.C. § 1915(e)(2), the Court found that process should issue to Defendants. In lieu of an answer, Defendants have filed the pending motion to dismiss, seeking dismissal under Rule 12(b)(3) of the Federal Rules of Civil Procedure because of improper venue. *See* Docket Entry No. 14. Alternatively, Defendants ask that the action be transferred to the Western District of Tennessee because that is the district in which Plaintiff resides and in which the alleged events are situated. *Id*. Plaintiff responds by asserting that, at the time he filed the lawsuit, he believed that he would be obtaining federally assisted housing in this District, but that he ultimately had to reside in Parsons, Tennessee. *See* Response (Docket Entry No. 22). He nonetheless asserts that he comes to the Veterans Administration hospital, presumably located in Nashville, Tennessee, several times a month, and he requests that his case be heard in this District. *Id*.

## II. ANALYSIS

When a civil action is filed against an agency of the United States, the provisions of 28 U.S.C. § 1391(e)(1) provide that the action "may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."

In the instant action, Plaintiff has not shown that any events giving rise to his claims occurred in this District, and neither Defendants nor Plaintiff reside in this District. There is simply no apparent connection between Plaintiff's claims and this District. Although Plaintiff wishes to pursue his claims in this District, he cannot create venue where it does not otherwise exist. *See Buckley v. United States*, 2013 WL 2242995 (E.D. Tenn. May 21, 2013) (28 U.S.C. § 1391(e) does not create venue for a lawsuit against the United States or an agency of the United States in a district merely because an office of the federal defendant is located in that district). Furthermore, actions seeking monetary damages from the United States are governed by the venue provisions of 28 U.S.C. § 1402, which generally provide for venue in the district in which the plaintiff resides.

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).[1] Transfer of the action to the Western District of Tennessee where Plaintiff resides is warranted.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that Defendants' motion (Docket Entry No. 14) be GRANTED to the extent that this action should be TRANSFERRED to the Western District of Tennessee.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[1] Although there is little effective difference, Defendants' discussion of transfer of this action to the Western District pursuant to 28 U.S.C. § 1404(a) is misplaced because transfer of a case under Section 1404(a) is implicated only when the case has been filed in a proper district in the first instance. *See Wright v. Comm'r of Soc. Sec.*, 2008 WL 2246043, *2 (E.D. Mich. May 30, 2008) ("In short, a transfer under § 1404 must be from proper district to proper district and a transfer under § 1406 must be from improper district to proper district.").